**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                                                      :  **DECISION AND ORDER**
                                       Respondent,        :
                                                                      :  13 Cr. 416 (RMB)
              -v-                                                 :  16 Cv. 4707 (RMB)
                                                                      :
TYQUEZ HARRELL,                                      :
                                                                      :
                                       Petitioner.          :
------------------------------------------------------------x

## I.   Background

On June 21, 2016, Tyquez Harrell ("Petitioner" or "Harrell") filed a petition pursuant to 28 U.S.C. § 2255 ("Petition") to vacate his September 3, 2014 sentence under 18 U.S.C. § 924(c).

On May 2, 2014, Harrell pleaded guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951, and to one count of brandishing, using, and carrying a firearm during and in relation to a crime of violence (i.e., Hobbs Act robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See Plea Tr., dated May 2, 2014; Judgment of Conviction, dated Sept. 3, 2014. The Court sentenced Harrell to 125 months of incarceration, i.e., 84 months for the § 924(c) conviction, plus 41 months consecutive for the Hobbs Act robbery, followed by five years of supervised release. See Judgement of Conviction, dated Sept. 3, 2014. As part of his plea agreement, Harrell waived his right to file a habeas challenge under 28 U.S.C. § 2255. See Plea Tr., dated May 14, 2014, at 2 (The Court: "[In your plea] agreement, you waived your right to... bring a so-called habeas challenge under 28, United States Code, Section[] 2255...Do you understand your appeal rights? The Defendant: Yes, sir."). Sent. Tr. at 26.

1

Petitioner challenges his conviction under 18 U.S.C. § 924(c), contending that "Hobbs Act robbery . . . is not a 'crime of violence' as [the two clauses of] 18 U.S.C. § 924(c)(3) define[] that term." Petitioner's Mem. of Law, dated Jan. 7, 2019 ("Pet.'s Mem.") at 1. Specifically, Harrell argues that: **(1)** Hobbs Act robbery "lacks the requisite 'violent force'" to satisfy the force clause at §924(c)(3)(A); and **(2)** the residual clause at § 924(c)(3)(B) is unconstitutional because it "is void for vagueness[.]" Id. at 4, 6.

On January 30, 2019, the Government opposed Harell's Petition for habeas relief. The Government argues that **(1)** "[t]his case . . . [is] controlled by the Second Circuit's decision in United States v. Hill, 890 F.3d 51 (2d Cir. 2019) . . . [which] held that substantive Hobbs Act robbery [as opposed to conspiracy to commit Hobbs Act robbery] categorically qualifies as a 'crime of violence' . . . under [the] 'force clause[.]'" Gov't Letter, dated Oct. 17, 2019. The Government also argues that **(2)** "[b]ecause Harrell pleaded guilty pursuant to a plea agreement containing an express waiver of the right to collaterally attack his conviction and sentence, he is precluded from asserting through Section 2255 any claim falling short of an attack upon the constitutionality of the statute of conviction …and is arguably precluded from asserting even a claim of the latter type[.]" Gov't Mem. of Law, dated Jan. 30, 2019 ("Gov't Mem.") at 2-3.

Harrel's Petition was never reviewed by the Court. Rather, on February 7, 2019, Harrell filed a motion to dismiss on his § 2255 petition "without prejudice" pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Mot. to Dismiss Under Fed. R. Civ. P. 41(a)(2), dated Feb. 7, 2019 ("Mot. To Dismiss"). He states that he had previously "sought to stay [the case] pending appellate developments, and . . . now seeks to dismiss before the expenditure of significant judicial attention." Mot. to Dismiss at 1. Harrell argues that his motion to dismiss without prejudice should be granted because of "evolving law" pertaining to whether Hobbs Act robbery

is a crime of violence. Petitioner's Letter, dated Feb. 15, 2019. Harrell also argues that dismissal without prejudice is necessary to avoid "the stringent restraints that 28 U.S.C. §2255 [would] impose[] on [any future] second or successive motion[.]" Mot. to Dismiss at 1.

The Government opposes Harrell's February 7, 2019 motion to dismiss, arguing that it is impermissibly "based on . . . [Harrell's] recognition that his [underlying habeas] motion will be denied on the merits." Gov't Letter, dated Feb. 11, 2019. The Government also argues that dismissal without prejudice "would potentially circumvent the procedures limiting the filing of second or successive" § 2255 motions. Id.

**For the reasons set forth below, the Motion to Dismiss Without Prejudice is granted.[1]**

## II.     Legal Standard

Collateral relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

## III.    Analysis

### (1) The Zagano Factors Support Dismissal Without Prejudice

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[2] Fed. R. Civ. P.

---

[1]   Any issues or arguments not specifically addressed in this Order have been considered by this Court and rejected.

[2]   The Federal Rules of Civil Procedure may be applied to a Section 2255 proceeding as long as they are consistent with the Rules Governing Section 2255 Proceedings for the United

41(a)(2). Voluntary dismissal without prejudice under Rule 41(a)(2) lies within the discretion of the court. Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001). **Courts in the Second Circuit follow a "presumption" that a court should grant dismissal without prejudice "absent a showing that [the] defendant[] will suffer substantial prejudice as a result."** Benitez v. Hitachi Metals Am., Ltd., No. 12-2237 2013 WL 2391713 at *1 (S.D.N.Y. Aug. 6, 2012) (emphasis added); Gap, Inc. v. Stone Int'l. Trading, Inc. 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (internal citations omitted).

In determining whether to grant a Rule 41(a)(2) motion to dismiss without prejudice, Second Circuit courts consider five factors under Zagano v. Fordham Univ. ("Zagano factors"). Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). The factors include: **(1)** any undue vexatiousness on the part of the petitioner; **(2)** the expense of duplicative litigation; **(3)** the petitioner's diligence in bringing the motion; **(4)** the extent to which the suit has progressed, including the respondent's effort and expense in preparing for trial; and **(5)** the adequacy of petitioner's explanation seeking dismissal. Zagano v. Fordham Univ., 900 F.2d at 14 (2d Cir. 1990). The Zagano factors "are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

The Government has not shown that it will suffer substantial prejudice if Petitioner's 41(a)(2) motion is granted. The fact that the Petitioner may seek a future writ of habeas corpus is not in and of itself prejudicial. See D'Alto v. Dahon California Inc., 100 F.3d 281, 283 (2d Cir. 1996) ("starting a litigation all over again does not constitute legal prejudice."). And, the Zagano

---

States District Courts. See Fed. R. Governing § 2255 Proceedings 12. See also McPherson v. United States, No. 16-3478, 2017 U.S. Dist. LEXIS 135380, at *4 n.1 (S.D.N.Y. Aug. 22, 2017).

factors collectively appear to weigh in favor of granting Petitioner's motion to dismiss without prejudice. In respect to the first <u>Zagano</u> factor, this action does not demonstrate any undue vexatiousness on the part of the Petitioner. See <u>Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC</u>, 16-5393 2018 WL 1115517, at *4 (S.D.N.Y. Feb. 26, 2018) ("[u]ndue vexatiousness requires a finding of ill motive.") (internal citation omitted).

The second and fourth <u>Zagano</u> factors also weigh in favor of granting Petitioner's motion. Apart from preparing an opposition brief and letters in opposition to Petitioner's 41(a)(2) motion, there has not been an expenditure of a significant amount of resources as a result of Petitioner's claim(s). <u>See</u> Gov't Mem.; Gov't Letter, dated Feb. 11, 2019; Gov't Letter dated Oct. 17, 2019. <u>See also</u> <u>Paulino v. Taylor</u>, 320 F.R.D. 107, 111 (S.D.N.Y. 2017) (noting that courts applying the <u>Zagano</u> factors strongly weigh the respondent's discovery efforts, if any, and the extent to which the defendant prepared for trial). There appears to have been little or no discovery, and there is little or no risk of costly or duplicative litigation since the record consists principally of Petitioner's applications and respondent's opposition. The Court did not issue any order with respect to Petitioner's habeas application and no order on the merits is pending. The standard for concluding that a suit may not be dismissed voluntarily is high and is generally only satisfied by a showing of significant resources and expenses incurred by the respondent, such as substantial discovery, trial preparation, or motion practice. <u>Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.</u>, No. 12-2337 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013). The record here does not support such a finding.

With respect to the third and fifth <u>Zagano</u> factors, Petitioner appears to have exercised diligence in bringing his motion to dismiss without prejudice and has put forth an adequate explanation for his request for dismissal without prejudice. Petitioner brought his 41(a)(2)

5

motion within one month after he filed his memorandum of law in support of his habeas petition. See Pet's Mem. at 1; Mot. To Dismiss. at 1. Before then, Petitioner had requested a stay of proceedings to await the outcome of two appellate decisions that he believes bear directly upon the merits of his habeas application. Letter from Petitioner, dated Nov. 1, 2018. The petitioner's stay request was denied. Order, dated Nov. 2, 2018. Shortly thereafter, U.S. Supreme Court rendered a decision which had a bearing upon Petitioner's § 2255 application, and Petitioner filed this motion to dismiss. See Letter from Petitioner, dated Feb. 7, 2019. See also Stokeling v. United States, 139 S. Ct. 544, 552-54 (2019). In sum, it seems fair to conclude that the Zagano factors on balance support granting Petitioner's motion to dismiss his habeas application without prejudice.

**(2) The Court Is Not Ruling on the Merits of Petitioner's Habeas Petition**

The Government requests that "[the Court] advis[e] Harrell of the risk that a future court may treat a future §2255 motion as 'second or successive' notwithstanding [a] dismissal [without prejudice] of this motion." Gov't Letter, dated Feb. 11, 2019, at 2. The Court is not ruling upon the merits of Petitioner's instant habeas claim. Nor is this Order a ruling upon whether Petitioner's future claims or petitions would be meritorious, or would or would not be considered by a court to be a "second and successive petition" within the meaning of § 2255. See McPherson v. United States, No. 16-3478, 2017 U.S. Dist. LEXIS 135380, at *5 (S.D.N.Y. Aug. 22, 2017).

## IV.    Conclusion and Order

Petitioner's motion to voluntarily dismiss his habeas petition without prejudice is granted. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York

January 14, 2020

*Richard M. Berman*

**RICHARD M. BERMAN, U.S.D.J.**